Submitted on motion to dismiss appeal. Continued for further action October 13, 1925, second motion to dismiss appeal allowed May 25, 1926.

## CHARLES OVERTON *v.* WILLIAM M. STOCKER.

(239 Pac. 816; 246 Pac. 209.)

**Appeal and Error—Permission may be Granted to have Date of Order Extending Time for Filing Transcript on Appeal Corrected, on Affidavit Showing Error.**

1. Where order extending time for filing a transcript and abstract on appeal, under Section 554, subdivision 2, Or. L., was dated after expiration of time allowed for granting such order, and attorney filed affidavit stating the date was inserted by mistake, he may be given continuance to have the correction made *nunc pro tunc.*

ON SECOND MOTION TO DISMISS APPEAL.

Appeal and Error—Where Order Giving Additional Time to File Transcript was by Nunc Pro Tunc Order Given Effect as of Day It was Made, One Obtaining Such Order cannot Later Argue That Date of Signing was Proper Date from Which to Compute Time Granted.

2. Where order giving additional time to file transcript on appeal was not signed for six days after it was made, and appellant obtained *nunc pro tunc* order, giving it effect as of day it was made to prevent appeal from being dismissed, he cannot later argue that date of signing was proper date from which to compute additional time.

Appeal and Error.

3. Trial court has no jurisdiction to extend time for filing transcript after time previously granted has expired.

Appeal and Error, 4 C. J., p. 470, n. 7.

From Lincoln: G. F. SKIPWORTH, Judge.

In Banc.

CONTINUED FOR FURTHER ACTION.

For the motion to dismiss appeal, *Mr. W. H. Waterbury.*

*Contra, Messrs. English & Krause.*

McBRIDE, C. J.—1. This is a motion to dismiss an appeal. The appellant's time for filing the transcript and abstract on appeal expired May 21, 1925, unless an order was made on or prior to that date extending the time within which to file said transcript and abstract in accordance with subdivision 2, Section 554, Or. L.

An order, signed by the judge who tried the case, appears in the record, dated May 27, 1925, and was filed by the clerk on May 28, 1925, granting twenty days' additional time within which to file the transcript on appeal. If this order was made at the date

on which it appears to have been made, the subsequent order extending the time would be of no effect and the defendant is out of court.

The appellant's attorney made an affidavit that he actually appeared before Judge SKIPWORTH at Eugene, Oregon, on May 21, 1925, presented a motion and procured an order granting the appellant twenty days' additional time; that the date of May 27, 1925, is an error of the defendant's attorney. If the date on which the order was actually made was May 21, 1925, it would have been within the time allowed by law.

The appellant asks leave to apply to the Circuit Court for a corrected *nunc pro tunc* order to comply with what he states is the actual facts in the case. The leave will be granted the appellant and this motion will be continued for twenty days so that he can have the correction made if the trial judge agrees with him as to the facts. Five days' notice of the time and place of such application must be given to the opposing attorney, and in case of failure to file such corrected order, the appeal will be dismissed. Authority for making such correction will be found in the case of *White* v. *East Side Mill Co.*, 84 Or. 224 (161 Pac. 969, 164 Pac. 736).

---

Appeal dismissed May 25, 1926.

ON SECOND MOTION TO DISMISS·APPEAL.

(246 Pac. 209.)

For the motion, *Mr. W. H. Waterbury.*

*Contra, Messrs. English & Krause.*

McBRIDE, C. J.—The defendant being defeated in the court below, on the seventh day of April, 1925,

filed a notice of appeal to this court, and on the sixteenth day of April, he filed an undertaking on appeal. Thereafter on June 17, 1925, his transcript was filed in this court and the plaintiff filed a motion to dismiss the appeal on the ground that the transcript was not filed within the time provided by law or any extension of such time. It appears in the printed abstract that on the twenty-first day of May, 1925, defendant obtained an oral order giving him twenty days' additional time to file the transcript. Following the statement in the abstract of record, the order, while made on the twenty-first day of May, was not signed or filed until the twenty-seventh day of May. Conceding that the order was made on the twenty-first day of May, the time for filing the transcript would have expired on the tenth day of June, 1925. The motion to dismiss was filed for the reason that the transcript was not filed within that time or within any extension of it.

2. Defendant applied by motion, supported by an affidavit, stating that the date of the order as shown in the abstract was incorrect and that instead of being dated May 27th, it should have been dated May 21, 1925; and asked leave to apply to the Circuit Court for a *nunc pro tunc* order complying with what he stated to be the actual facts of the case. The order was accordingly made by the Circuit Court. See *Overton* v. *Stocker* (Or.), 239 Pac. 816.

Plaintiff now comes and again moves to dismiss on the ground that conceding the corrected order to be in accordance with the facts and May 21st to be the correct date, the defendant did not obtain any order of extension within the time between May 21st and June 10th, but did obtain a pretended order of extension dated June 13th, which would have been out of time and void.

3. The defendant here attempts to occupy contrary positions. He applied to this court for leave to be permitted to ask the Circuit Court to make a *nunc pro tunc* order as to the date of May 21, 1925, on the theory that the order of May 27th, as it appears in appellant's abstract, was erroneous. But, he now claims that for the purpose of extending the time, the order that he asks to have corrected should be treated as though the date of May 27th was the correct date instead of May 21st. It is not shown that two orders were made or that he ever applied for any order on May 27th, or obtained one of that date except the one which he claims was erroneous. The complete record of the proceedings is not in the abstract, but, considering the abstract in connection with the other papers on file, the status of the case is this: By the order of May 21st, which is a *nunc pro tunc* order and which was in fact the only order made or applied for, defendant's motion to file the transcript expired on June 10th and he obtained no other order until June 13th, which it is beyond the jurisdiction of the court to grant. He cannot "hold with the hounds and run with the hare." If the date of the order, as shown in the abstract, was incorrectly stated as of May 27th when in fact it was May 21st and a *nunc pro tunc* order now issues to correct it, he cannot use the order which he says was erroneous as to date for the purpose of piecing out his time on an appeal. Upon the making of the *nunc pro tunc* order, later filed here, showing the correct date as of May 21st, the order dated May 27th became ineffectual for any purpose and defendant is clearly out of court.

The motion to dismiss will be allowed.

MOTION TO DISMISS ALLOWED.